1    **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9    Fredric A. Gardner, et al.,              )    No. CV-05-2852-PHX-NVW
                                              )
10              Plaintiffs,                    )    **ORDER**
                                              )
11   vs.                                       )
                                              )
12                                             )
     IRS Revenue Agent Sharon Peters, et al.,)
13                                             )
                Defendants.                    )
14                                             )
                                              )
15   _____ )

16        The court has before it Plaintiffs' Complaint, Doc. # 1; Defendants' Motion to

17   Dismiss, Doc. # 17; Plaintiffs' Response, Doc. # 22; and Defendants' Reply, Doc. # 28.

18        On September 19, 2005, Plaintiffs filed an action against Sharon Peters–an  Internal

19   Revenue Services ("IRS") Agent–the IRS, and the United States of America, seeking review

20   of the IRS's determination that seizure of their property was proper, requesting injunctive

21   relief, and asserting a cause of action for wrongful levy and seizure of property.  The

22   Plaintiffs in this action are the "Gardeners" and "Beth-el Aram Ministries" (collectively,

23   "Plaintiffs").

24        Defendants filed a motion to dismiss pursuant to rules 12(b)(1) and 12(b)(6) of the

25   Federal Rules of Civil Procedure, asserting that the court lacks jurisdiction to review the IRS

26   Appeals Office's ("Appeals Office") Decision Letter and that Plaintiffs fail to state a claim

27   for injunctive relief or wrongful levy and seizure of property.

28

1    **I.      Statement of the Case**

2          In their Complaint, the Gardners challenge the government's placement of a levy on

3    their property, which resulted from the Gardners' failure to pay employment taxes in 1992

4    and 1993 for the company they owned, Maranatha Enterprises, Inc. ("Maranatha").  Much

5    of the Gardners' Complaint is dedicated to arguing that the IRS erred by assessing taxes

6    against them for these periods.  As a result of these assessments, the IRS filed both liens and

7    levies on the Gardners' assets.  The Gardners only challenge the IRS's filing of a levy.  After

8    receiving notice in 2004 and 2005 of the government's intent to place a levy on their land,

9    the Gardners requested a Collection Due Process Hearing ("CDP hearing"); however, the

10   request was untimely so the Gardners received an equivalent hearing.  On August 18, 2005,

11   the Appeals Office issued a Decision Letter, sustaining the notice of levy.  On September 19,

12   2005, Plaintiffs filed this action.

13         Defendants argue that (1) this court does not have jurisdiction to review the merits of

14   the government's decision to issue a levy on the Gardners' property, (2) the Gardners fail to

15   state a claim for why the anti-injunction statute does not apply here, and (3) Beth-el Aram

16   Ministries, the entity to which the Gardners transferred their property, does not state a claim

17   for wrongful levy and that therefore the United States' sovereign immunity is not waived.

18

19   **II.     Analysis**

20         **A.      Standard of Review**

21         Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an

22   action for lack of subject matter jurisdiction.  "When subject matter jurisdiction is challenged

23   under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction

24   in order to survive the motion."  *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d

25   495, 499 (9th Cir. 2001) (citations omitted).  "A plaintiff suing in a federal court must show

26   in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal

27   jurisdiction, and, if he does not do so, the court, on having the defect called to its attention

28

or on discovering the same, must dismiss the case, unless the defect can be corrected by amendment." *Id.* (citations and internal quotations omitted). The court is not limited to the pleadings and may properly consider extrinsic evidence. *Ass'n of Am. Med. Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994). When analyzing a complaint for failure to state a claim, all factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *See Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504 (9th Cir. 1994). All reasonable inferences are to be drawn in favor of the plaintiff. *Jacobsen v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997). "If a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

When the complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Leave to amend is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*, 957 F.2d 655, 658 (9th Cir. 1992).

**B.    Subject Matter Jurisdiction to Review the Decision Letter**

The United States and its agencies, including the IRS, are generally entitled to sovereign immunity, which precludes their being named in a suit as a defendant. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980). However, the United States may consent to

1    being sued, "and the terms of its consent to be sued in any court define that court's

2    jurisdiction to entertain the suit." *Id.*

3           Pursuant to 26 U.S.C. § 6330, the government may place a levy on a taxpayer's asset

4    only after the taxpayer receives notice of the intended levy and is informed of the opportunity

5    for a hearing.  This hearing is called a Collection Due Process Hearing ("CDP Hearing").

6    26 C.F.R. § 301.6330-1.  After receiving notice, a property owner has thirty days to request

7    a CDP hearing.  26 U.S.C. § 6330(a)(3)(B).  The taxpayer receives a decision from the CDP

8    hearing in the form of a "Notice of Determination," which may be appealed within thirty

9    days to Tax Court or a district court of the United States, depending on which court has

10   jurisdiction of the determination.  *Id.* at § 6330(d).  If a taxpayer fails to make a timely

11   request for a CDP hearing, the taxpayer may request an "equivalent hearing."  29 C.F.R. §

12   301.6330-1(i).  While the procedures at an equivalent hearing are generally the same as at

13   a CDP hearing, there is no judicial review of the decision, which is termed a "Decision

14   Letter."  29 C.F.R. § 301.6330-1(i).   Thus, whether a taxpayer requests a CDP hearing in

15   a timely manner determines whether the court has jurisdiction to review the resulting

16   decision.  *Fabricius v. United States*, No. 02-5597, 2002 U.S. Dist. LEXIS 21579, *7-9 (E.D.

17   Cal. 2002); *Granger v. United States*, No. 02-75, 2005 U.S. Dist. LEXIS 12595, *4-5 (E.D.

18   Va. 2005).

19

20          In the Gardners' case, they failed to request a CDP hearing in a timely manner and

21   instead received an equivalent hearing, resulting in an unfavorable Decision Letter.[1]  The

22   Gardners argue that the court has jurisdiction to review the Decision Letter because they did

23

24

25

26          [1] The Gardners' complaint alleges at some points that they received a CDP hearing,
     Doc. # 1 at p. 17, line 28, yet alleges at other points that they received a "decision letter."
27   *Id.* at p. 14, lines 10-16.  It is clear that the Gardners received an equivalent hearing, which
28   resulted in an unfavorable Decision Letter.

not receive proper notice of their right to a CDP hearing, as required by 26 U.S.C. § 6330.[2] The burden of establishing that the IRS failed to comply with 26 U.S.C. § 6330 rests with the taxpayer. *Williamson v. United* States, 84 F. Supp. 2d 1217, 1221 (D. N.M. 1999); *Raft v. Comm'r of Internal Revenue*, No. 02-7294, 2003 U.S. Dist. LEXIS 6492, *7 (N.D. Ohio, 2003).

The regulations require that notice of the right to a hearing be (1) provided in person to the taxpayer, (2) left at the taxpayer's dwelling, or (3) sent by certified mail to the taxpayer's last known address. 26 U.S.C. § 6330(a)(2). This notice is known as the IRS Letter 1058, Notice of Intent to Levy and Notice of Your Right to a Hearing ("Letter 1058"). The mailing of a Letter 1058 triggers the thirty-day period in which a taxpayer may request a CDP hearing. According to the Gardners' Decision Letter, Doc. # 1, Exhibit Q, on June 3, 2003, the IRS sent via certified mail a Letter 1058 to Mr. Gardner for the tax period ending on September 30, 1992 and for the tax period ending December 31, 1993. On July 15, 2004, the IRS sent via certified mail a Letter 1058 to Mrs. Gardner for the tax period ending on September 30, 1992 and for the tax period ending December 31, 1993. Both Letter 1058s were sent to the Gardners' last known address. Doc. # 1, Exhibit Q. In addition, the IRS submitted a return receipt for the July 15, 2004 letter that was mailed to Mrs. Gardner, establishing that she received actual notice, which is not required by the statute, of the government's intent to issue a levy and of her right to a CDP hearing. Doc. # 28, Exhibit B. On February 9, 2005, the Gardners returned Form 12153, requesting a CDP hearing. This was an untimely request.

The Gardners have not alleged facts or submitted evidence disputing this showing of untimeliness. Thus, the court finds that the IRS comported with the notice requirements of

---

[2]While the Gardners allege that they received defective notice of assessments in earlier years, the only notice relevant to whether the court has jurisdiction is the notice of the right to a CDP hearing.

26 U.S.C. § 6330, and that the court therefore lacks jurisdiction to review the Decision Letter.

### C.    Injunction

The Gardners seek to enjoin the IRS from collecting on the Gardners' unpaid employment taxes.  However, the Anti-Injunction Act, 26 U.S.C. § 7421, provides that "no suit for the purpose of restraining the assessment or collection of tax shall be maintained in court by any person."  The purpose of the Act is to "withdraw[s] jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes."  *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5 (1962). "Therefore, the general rule is that, except in very rare and compelling circumstances, federal courts will not entertain actions to enjoin the collection of taxes." *Mathes v. United States*, 901 F.2d 1031, 1033 (11th Cir. 1990).

The Gardners allege that the Anti-Injunction Act does not apply here because (1) pursuant to 26 U.S.C. § 6330(e)(1) collections may be enjoined during the time a CDP hearing or appeal is pending and (2) Plaintiffs satisfy the test articulated in *Enochs*.

The Gardners' first argument is unavailing. The Gardners failed to file a timely notice requesting a CDP hearing.  Instead, they received an equivalent hearing, which resulted in a Decision Letter.  A Decision Letter is not subject to judicial review.  Therefore, the test set forth in 26 U.S.C. § 6330(e)(1), which provides that a collection may be enjoined during a CDP hearing and any judicial review, is not met.

With respect to their second argument, the Gardners allege that the *Enoch* exception is applicable under the facts of this case.  Under *Enoch*, a plaintiff may enjoin the IRS's collection or assessment if (1) he can show that under no circumstances can the government prevail and (2) that "equity jurisdiction" otherwise exists, meaning that the taxpayer can show that he would otherwise suffer irreparable injury.  *Id.* at 7.  The taxpayer carries the burden under both prongs. *Elias v. Connett*, 908 F.2d 521, 525-26 (9th Cir. 1990).

1   While the Gardners attempt to characterize the inquiry as whether they received
2   proper notice in 1996 of the proposed levies, the correct inquiry is whether the Gardners have
3   alleged facts establishing that the government cannot prevail under any set of circumstances.
4   To this extent, the Gardners only conclusorily allege that their arguments raised at the
5   Equivalent Hearing were meritorious: "The Gardners state, additionally, that a review of the
6   Defendants' own records and proof, submitted prior to the Collection Due Process Hearing
7   and during the Collection Due Process Hearing, establishes that the Gardners were entitled
8   to relief from the IRS' defective procedures which failed to give proper notice."   Doc. # 1
9   at 19-20.   Furthermore, the Gardners have not explained why Genesis, which purchased
10  Maranatha in 1993, would be responsible for paying the Gardners' taxes for the period
11  ending in 1992.   This is not a case where the government's issuance of a levy was clearly or
12  obviously incorrect.   In addition, the only case cited by the Gardners, *Kurio v. United States*,
13  281 F. Supp. 252 (S.D. Tex. 1968), does not address an exception to the Anti-Injunction Act.
14  Thus, the facts alleged by the Gardners fall far short of establishing that the government
15  cannot under any circumstances prevail on the merits.
16
17  Plaintiffs have also failed to plead facts establishing an inadequate remedy at law.
18  *Commissioner v. Shapiro*, 425 U.S. 614, 629 (1976) ("The taxpayer himself must still plead
19  and prove facts establishing that his remedy in the Tax Court or in a refund suit is inadequate
20  to repair an injury that might be caused by an erroneous assessment or collection of an
21  asserted tax liability.").   Other than asserting that the sale of their property will cause
22  irreparable harm because it will harm their church, to which they conveyed the property at
23  issue, the Gardners do not allege facts or produce evidence demonstrating why they cannot
24  pay the tax and file a refund claim pursuant to 26 U.S.C. § 6511 and 7422.   *Compare Elias*,
25  908 F.2d at 526-27 ("[T]he record here contains no evidence of Elias's income, the portion
26  of his income subject to the IRS's levy, or the amount left over after the levy.") *with Jensen*
27  *v. IRS*, 835 F.2d 196, 198-99 (9th Cir. 1987) (stating that a plaintiff demonstrated that he
28

could not pay the tax and file a refund suit when the plaintiff had only $144.82 per month to support his family of five"). As the record makes clear, the property seized by the government was vacant for several years. Doc. # 1, Exhibit Q.

Thus, the Gardners have failed to state a claim for injunctive relief.

**D.    Beth-el Aram Ministries' Wrongful Level Claim**

Beth-el Aram Ministries alleges a wrongful levy claim pursuant to 26 U.S.C. § 7426. "[P]ursuant to the express terms of the statute [referring to 26 U.S.C. § 7426], a wrongful levy may be established, and the United States' sovereign immunity is waived if three prerequisites are established: 1) the party asserting the wrongful levy claim must not be the one against whom the tax is assessed; 2) that person must have an interest in or a lien on the property; and 3) the property must have been wrongfully levied upon." *Equitable Life Assur. Soc'y of the United States v. Mischo*, 363 F. Supp. 2d 1239, 1244 (E.D. Cal.). Because the Complaint demonstrates that the tax liabilities are those assessed against the Gardners, the Gardners do not have standing to bring an action pursuant to 26 U.S.C. § 7426.

To state a claim under 26 U.S.C. § 7426, a plaintiff must show (1) an interest or lien upon the property, and (2) that such property was "wrongfully levied upon." *Sessler v. United States*, 7 F.3d 1449, 1451 (9th Cir. 1993). "[A] levy is wrongful if: (1) it's placed on property exempt under section 6334; (2) it wasn't placed on property in which the delinquent taxpayer had an interest; (3) it's invalid under section 6323 or 6323a(2) or (b); or (4) the plaintiff's interest in the property is senior to the federal lien and will be destroyed by the levy." *Id.* (citations omitted). First, Beth-el Aram Ministries does not allege that the property is exempt under 26 U.S.C. § 6334. Second, the Gardners, as the delinquent taxpayers, had an interest in the property at issue. Third, Plaintiffs do not allege that the levy is invalid under 26 U.S.C. § 6323 or 6323a(2) or (b). Fourth, in 1993, the government began placing liens with the County Recorder on the Gardners assets. Doc. # 1, Exhibit A. The Gardners transferred the property at issue to Beth-el Aram Ministries on July 19, 2004. Doc.

# 1, Exhibit Z.  The government's interest in the property was therefore senior to that of Beth-el Aram Ministries.  Thus, Beth-el Aram Ministries cannot state a claim for wrongful levy, and the United States' sovereign immunity is not waived

Beth-El Aram Ministries attempts to argue that the government improperly and erroneously characterized it as the alter ego of the Gardners.  It also argues that the tax assessments were "void."   However, Beth-el Aram Ministries cannot challenge the correctness of the assessments.  *Shannon v. United States*, 521 F.2d 56, 59 (9th Cir. 1975 ("[O]ne who sues under § 7426 cannot challenge the validity of the assessment.") (citing 26 U.S.C. § 7426(c).

### E.      IRS Agent Sharon Peters

Plaintiffs have not alleged that IRS Agent Sharon Peters was acting outside the course and scope of her employment.  Nor have Plaintiffs alleged that Peters engaged in tortious activity.  Therefore, there is no need for the government to certify that Peters was acting in the course and scope of her employment before she can be dismissed.  Peters is dismissed on this ground as well.

### III.    Conclusion

Plaintiffs' Complaint is dismissed with prejudice.  Granting leave to amend would be futile.  First, the court does not have jurisdiction to review the Appeals Office's Decision Letter.  Plaintiffs cannot cure this deficiency.  Second, Plaintiffs have failed to allege facts establishing an exception to the Anti-Injunction Act.  The facts of this case do not present a situation in which Plaintiffs will be able to allege facts establishing that the government cannot under any circumstances prevail.  Third, it is clear that Beth-el Aram Ministries cannot establish a claim for wrongful levy.  The government recorded its lien on the Gardners' assets before the Gardners transferred their property to Beth-el Aram Ministries.[3]

---

[3]There is a frivolous character to this lawsuit.  The IRS mailed the Letter 1058s on June 3, 2003, and on July 15, 2004.  On July 19, 2004, the Gardners transferred to Beth-el Aram Ministries the property the government had stated that it intended to seize.  In the title,

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss, Doc. # 17, is granted.

IT IS FURTHER ORDERED that Plaintiffs' Complaint, Doc. # 1, and this action are dismissed with prejudice.

IT IS FURTHER ORDERED that the clerk enter judgment dismissing this action with prejudice.  The clerk shall terminate this action.

DATED this 26th day of July 2006.

_____
Neil V. Wake
United States District Judge

Fredric A. Gardner and Elizabeth A. Gardner transferred title to "Elizabeth A. Gardner, Prophetess and Her Successors, a corporation sole of Beth-el Aram Ministries."